UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Steven Martinez,<br><br>                              Plaintiff,<br><br>v.<br><br>Enhanced Recovery Company, LLC,<br><br>                              Defendant. | Index No: 1:21-cv-10151-JSR<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Steven Martinez, by and through the undersigned counsel, complains, states, and alleges against defendant Enhanced Recovery Company, LLC as follows:

## INTRODUCTION

1. This is an action to recover damages for negligence and for violations of New York General Business Law § 349.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over defendant Enhanced Recovery Company, LLC ("Defendant") because Defendant regularly transacts business within New York State, derives substantial revenue from services rendered in New York State, has committed tortious acts within New York State and has caused injury to persons within New York State as described herein.

3. Venue is proper pursuant to CPLR § 503 because New York is the county in which Plaintiff resides.

## PARTIES

4. Plaintiff Steven Martinez ("Plaintiff") is a natural person who is a citizen of the State of New York residing in New York County, New York.

5. Plaintiff is a consumer protected by New York General Business Law § 349.

6. Defendant Enhanced Recovery Company, LLC ("Defendant") is a company

1

existing under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida.

7. Defendant is regularly engaged, for profit, in the collection of money from New York consumers.

8. Defendant has committed tortious acts within New York that have caused injury to consumers in this County.

9. Defendant has committed tortious acts within New York that have caused injury to New Yorkers.

10. Defendant is a "debt collection agency" as that term is defined by New York General Business Law.

## FACTUAL ALLEGATIONS

11. In or about October 2021, T-Mobile hired Defendant to attempt to collect money from Plaintiff.

12. Rather than attempting to collect the money on its own, Defendant hired several third parties to conduct certain collection activities on its behalf, including printing and mailing of collection letters, data mining, account scrubbing, and skip tracing.

13. On such company hired by Defendant is known as "RevSpring" and is located in Oaks, Pennsylvania.

14. RevSpring prepared, printed, and mailed collection letters to Plaintiff on Defendant's behalf.

15. As part of its utilization of RevSpring, Defendant disclosed information concerning Plaintiff to RevSpring by electronic means.

16. The information disclosed by Defendant to RevSpring, which was viewed by employees of RevSpring, contained Plaintiff's personal and private information including personal

identifying data such as Plaintiff's name, address, date of birth, and social security number.

17. RevSpring then populated some or all this information into a prewritten template, printed, and mailed such to Plaintiff at Defendant's direction.

18. That correspondence, dated October 22, 2021, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1.**").

19. Upon information and belief, RevSpring has provided these same services to Defendant thousands of times over the past year.

20. Upon information and belief, Defendant has disclosed the same information it disclosed about Plaintiff to RevSpring thousands of times over the past year.

## - FIRST CAUSE OF ACTION -
## NEGLIGENCE

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

22. Defendant was in possession of Plaintiff's personal and private information including personal identifying data such as Plaintiff's name, home address, date of birth, and social security number, and also the account number and precise amount of the alleged debt, the name of the entity to which Plaintiff allegedly owed the alleged debt, among other things.

23. Plaintiff did not consent to Defendant's sharing of Plaintiff's personal and private information with Revspring.

24. Plaintiff did not consent to Defendant's sharing of Plaintiff's personal and private information with anyone.

25. Defendant owed a duty to Plaintiff to perform its attempted collection of Plaintiff's alleged debt with reasonable care.

26. Defendant owed a duty to Plaintiff to exercise reasonable care in its handling of Plaintiff's personal and private information.

27. Defendant owed a duty to Plaintiff to exercise reasonable care in its maintenance of Plaintiff's personal and private information.

28. Defendant owed a duty to Plaintiff to exercise reasonable care in keeping Plaintiff's personal information private.

29. Defendant owed a duty to Plaintiff to not disclose Plaintiff's personal and private information to third parties.

30. Defendant owed a duty to Plaintiff to not put at risk the privacy of Plaintiff's personal and private information.

31. Defendant owed a duty to Plaintiff to not expose Plaintiff to the risk of identity theft through the disclosure of Plaintiff's personal and private information.

32. Defendant breached these duties by sharing Plaintiff's personal and private information with Revspring.

33. Defendant breached these duties by sharing Plaintiff's personal and private information with third parties without Plaintiff's permission.

34. Defendant breached these duties by sharing Plaintiff's personal and private information with Revspring without ensuring the security of such personal information.

35. Defendant breached these duties by sharing Plaintiff's personal and private information with Revspring without ensuring that Revspring had procedures and/or policies in place to secure Plaintiff's personal and private information.

36. Plaintiff was damaged by Defendant's breach of its duties to Plaintiff in that Defendant exposed Plaintiff to possible identity theft.

37. Plaintiff was damaged by Defendant's breach of its duties to Plaintiff in that Plaintiff had a reasonable expectation that Plaintiff's personal and private information would not be disclosed without Plaintiff's permission.

38. Plaintiff was damaged by Defendant's breach of its duties to Plaintiff in that Plaintiff had a right to control the dissemination of Plaintiff's personal and private information.

39. Plaintiff was damaged by Defendant's breach of its duties to Plaintiff in that Plaintiff's personal and private information is now be in the public realm.

40. As a direct and proximate result of Defendant's negligence, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

### - SECOND CAUSE OF ACTION -
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state…"

43. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h). An individual may also be awarded punitive damages.

44. Defendant's debt collection business in New York is a "business, trade or commerce or the furnishing of a service" as contemplated by New York General Business Law § 349.

45. As described herein, Defendant violated New York General Business Law § 349 by using deceptive acts and practices. This includes a pattern and practice of unauthorized disclosures to RevSpring and other third parties of the personal and private information of New York consumers with reckless disregard for the propriety and privacy of the information which it

discloses, reckless disregard to the harm to consumers that results from the unauthorized disclosure of such private and sensitive information, and reckless disregard for consumers' rights to privacy.

46. Defendant has engaged in the same conduct described herein thousands of times.

47. Defendant engages in this practice because it is profitable and because it would be more costly for Defendant to create a system to ensure the security of consumers' private and personal information. Defendant engages in this practice for the sole purpose of maximizing its profits.

48. Defendant's conduct as described herein was consumer-oriented in that it was directed to, and targeted at, New York consumers. Defendant's conduct has a broader impact on consumers at large as Defendant has acted similarly to thousands of other New York consumers.

49. As a direct and proximate result of Defendant's violations of New York General Business Law § 349, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual, treble, exemplary, and punitive damages, together with costs and attorney's fees.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a. A determination that Defendant has committed the violations of law alleged in this action;

b. Actual, treble, exemplary and punitive damages of $20,000;

c. Statutory damages pursuant to General Business Law § 349;

d. The costs of this action and attorneys' fees pursuant to New York General Business Law § 349;

e. Pre-judgment and post-judgment interest as allowed by law;

      f.  Such other and further relief that the Court determines is just and proper.

DATED: December 29, 2021

By: _/s/ David M. Barshay_
David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*

**Creditor:** T-Mobile USA, Inc.
**Original Creditor:** TMobile
**Account Number:** ▓▓▓29
**Amount of Debt:** $112.81
**Reference Number:** ▓▓▓17

Scan with your phone camera to access your account

October 22, 2021
**Original Balance:** $112.81
**Interest Accrued:** N/A
**Non-Interest Charges & Fees:** N/A
**Payments:** $0.00

Collection Notice

STEVEN MARTINEZ

Our records indicate that your balance with T-Mobile USA, Inc. remains unpaid; therefore, your account has been placed with ERC® for collection efforts.

Upon receipt and clearance of $112.81, your account will be satisfied.

This serves as notice to you that ERC® has been authorized to report your delinquent account to the national credit bureaus when allowed by applicable law.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by us.

If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

Upon your written request to this office within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

James Cecil, Senior Vice President of Operations

For self-service options, please visit our website at https://ssp.ercbpo.com.
Telephone: (800) 427-7037 Toll Free. All calls are recorded and may be monitored for training purposes.
Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241
Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00 pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm
Pay with cash at participating locations free of charge. See reverse for details.



This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. Nothing in this letter overrides, withdraws, or overshadows your right to dispute the debt.
NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS

Please do not send correspondence to this address.
P.O. BOX 1259, Dept 98696
Oaks, PA 19456

October 22, 2021

STEVEN MARTINEZ
509 W 181ST ST APT BASEMENT
NEW YORK NY 10032-6116



IF PAYING BY CREDIT OR DEBIT CARD, FILL OUT BELOW
OR IF PAYING BY CHECK OR MONEY ORDER PLEASE REMIT TO ADDRESS BELOW

☐ VISA   ☐ (MC)

CARD NUMBER

SIGNATURE                                EXP DATE

| REFERENCE NUMBER | AMOUNT OF DEBT | AMOUNT PAID |
|---|---|---|
| ▓▓▓7 | $112.81 | $ |

ERC®
P.O. Box 23870
Jacksonville, FL 32241-3870

**Federal Notice:**

This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose

The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

**New York City Residents:**

New York City Department of Consumer Affairs License Number: 1394588, 2048142, 2048143, 2048140, and 2048141.

ERC® is able to offer written and spoken language services in Spanish and English. If you need further assistance, a translation and description of commonly used debt collection terms is available in multiple languages on the Department's website, www.nyc.gov/dca (ERC® is not responsible for the content on this website).

**New York State Residents:**

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C./1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI); Social security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and Ninety percent of your wages or salary earned in the last sixty days.

**Our Corporate Information Is:**

Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers, 8014 Bayberry Road, Jacksonville, FL 32256, https://ssp.ercbpo.com

To speak directly to a live operator, during normal business hours, and bypass menu prompts: (800) 685-2541

---

Cut on dotted line and bring this bottom PaySlip notice to make a payment.

## PAY WITH CASH AT PARTICIPATING CVS PHARMACY AND 7-ELEVEN STORES

There is no fee to make this payment - bring this notice with you.
Visit paynearme.com/locations to find participating locations. Payments could take up to 3 business days to post

| CVS Pharmacy Cashier Instructions | ♥CVS pharmacy | Store Associate Instructions |
|---|---|---|
| 1. Scan barcode below<br>2. Ask the customer how much they want to pay<br>3. Enter the amount and collect payment<br>4. Give the customer their receipt | | 1. Ask customer how much they want to pay<br>2. Press LOAD button<br>3. Scan barcode and collect payment<br>4. Return PaySlip and provide receipt |
| PayNearMe | | PayNearMe |

Cashiers call (888) 342-0955 for PayNearMe cash payment help. Subject to terms of use at www.paynearme.com.
Please present only the barcode section of this remit slip to clerk. No additional information or details are necessary for the clerk to process the desired transaction amount.
ERC® is not responsible for any sharing of this information, by you, the consumer, to anyone including the party transacting this payment.

Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers, P.O. Box 57810, Jacksonville, FL 32241, (800) 427-7037